89 F.3d 845
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maria Auxiliadora GUTIERREZ-VALLECILLO; Mariana Auxiliadora
Saravia-Gutierrez; Jorge Adrain Hernandez-Gutierrez;
Giovannia Del Carmen Hernandez-Gutierrez; Karla Marina
Hernandez-Gutierrez, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70397.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 1
 Before: HALL, THOMPSON, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Maria A. Gutierrez-Vallecillo and her four children, natives and citizens of Nicaragua, petition for review of the decision of the Board of Immigration Appeals ("BIA") affirming the order of an immigration judge ("IJ"), denying their request for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We review for substantial evidence. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). When the BIA adopts the IJ's opinion, we treat the IJ's statement of reasons as the BIA's, and review the IJ's decision. Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and deny the petitions for review.[1]
 
 
 4
 Gutierrez-Vallecillo contends that the BIA's finding that she lacked a well-founded fear of future persecution based on the 1978 killing of her husband is not supported by substantial evidence. This contention lacks merit.
 
 
 5
 To establish eligibility for asylum based on a well-founded fear of persecution, asylum applicants must show both a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz, 984 F.2d at 1061. The burden is on the applicant to meet this standard. Id. "The objective component requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution." Id. (quotation omitted).
 
 
 6
 Here, Gutierrez-Vallecillo testified that on July 16, 1978, her husband was killed by the Sandinistas on his way home from work. She also testified that she was harassed at her home and that in 1979 she was forced to vacate her house by the Sandinistas and made to live with her father. Gutierrez-Vallecillo worked for the government from 1979 to 1983 and left her position because of an increased work load. Gutierrez-Vallecillo further testified that she was forced to buy food on the black market.
 
 
 7
 We agree with the IJ that Gutierrez-Vallecillo failed to establish a well-founded fear of future persecution.[2] First, Gutierrez-Vallecillo remained in Nicaragua for ten years after her husband was killed and nine years after her house was confiscated. Cf. Ramirez Rivas v. INS, 899 F.2d 864, 871 (9th Cir.1990). Second, Gutierrez-Vallecillo was employed by the government from 1979 to 1983. See Saballo-Cortez v. INS, 761 F.2d 1259, 1265 (9th Cir.1985) (holding that ability to obtain employment undercut claim of persecution and that denial of food card was insufficient to establish persecution). Third, Gutierrez-Vallecillo had no trouble obtaining a passport when she decided to leave the country. See id. (holding that petitioner's ability to obtain visa and leave the country without difficulty undercut claim of persecution). Finally, the change in government in Nicaragua seriously undermines Gutierrez-Vallecillo's claim that she fears persecution if she returns to Nicaragua.[3]
 
 
 8
 Because the standard for withholding of deportation is higher than the standard for a grant of asylum and because Gutierrez-Vallecillo has failed to meet the lower standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995).
 
 
 9
 Finally, the BIA is required to "state its reasons and show proper consideration of all factors when weighing equities and denying relief." See Hassan, 927 F.2d 465, 467 (9th Cir.1991). The BIA's adoption of an IJ's decision meets this requirement if the BIA makes clear in its opinion that it is adopting the IJ's decision and if it is apparent that the BIA gave individualized consideration to the particular case before it. See Alaelua, 45 F.3d at 1382. Because it is clear that the BIA gave individualized consideration to Gutierrez-Vallecillo's case, we reject Gutierrez-Vallecillo's contention that the BIA's adoption of the IJ's decision was improper. See id.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 All references to Maria Gutierrez-Vallecillo, the principal petitioner, include her four children
 
 
 [2]
 Because we affirm the IJ's denial of Gutierrez-Vallecillo's application on the basis that she failed to establish a well-founded fear of future persecution, we do not reach the IJ's finding that Gutierrez-Vallecillo was not credible
 
 
 [3]
 In 1990, a new coalition government composed of parties opposed to the Sandinistas succeeded the Sandinista party